JUSTICE COTTER
concurs.
¶22 I concur in the Court’s decision. I do so for the reasons set forth therein, and because, as a practical matter, the end result if we affirm the District Court’s decision would be that none of the firefighters employed by the Guard would receive the benefit of participating in the Firefighters’ System. While I agree with the firefighters that the result reached by the Legislature is imperfect, it nonetheless is a step in the right direction — i.e., the newly hired firefighters will now have the opportunity to receive better benefits.
¶23 In Henry v. State Compensation Ins. Fund, 1999 MT 126, 294 Mont. 449, 982 P.2d 456, we concluded that depriving workers suffering occupational diseases of the opportunity to receive rehabilitation benefits was not justifiable solely on the basis of economic factors, citing our decision in Heisler v. Hines Motor Co., 282 Mont. 270, 937 P.2d 45 (1997), for the proposition that cost control *92 alone cannot justify offering services to some while denying them to others. Henry, ¶ 40. In this connection, it bears noting that the cost control factor was offered by the State in Henry as a justification for limiting some workers’ rights or benefits. Here, by contrast, the State has accomplished through legislation an improvement of some workers’ benefits. While I do not condone piecemeal increases in benefits if a wholesale increase is both an available and affordable alternative, it would be counter-productive were we to say here that, because the State could not provide increased benefits for all firefighters at once, none should get them. Yet, this would be the result were we to affirm. I therefore concur.
JUSTICE NELSON joins in the Concurrence of JUSTICE COTTER.